UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN ELLIOTT HIGGINS,<br><br>  Plaintiff,<br><br>  vs.<br><br>LOUIS RODRIGUEZ, et al.,<br><br>  Defendants. | 1:16-cv-00819-DAD-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS CASE AS DUPLICATIVE OF CASE 1:16-CV-00804-DLB-PC<br><br>OBJECTIONS, IF ANY, DUE WITHIN 20 DAYS |

Jonathan Elliott Higgins ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 13, 2016. (ECF No. 1.)

The Court finds that this case is duplicative of another pending case filed by Plaintiff on June 10, 2016, and therefore recommends that this case be dismissed.

**I.    DUPLICATIVE CASES**

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'"

Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 497 F.3d at 688 (citing see Curtis v. Citibank, N.A., 226 F.3d 133, 138–39 (2d Cir. 2000); Walton v. Eaton Corp., 563 F.2d 66, 70–71 (3d Cir. 1977) (en banc), cited with approval in Russ v. Standard Ins. Co., 120 F.3d 988, 990 (9th Cir. 1997)).

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 497 F.3d at 688 (quoting Walton, 563 F.2d at 70; see also Curtis, 226 F.3d at 138–39; Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223–24 (7th Cir. 1993)).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." Adams, 497 F.3d at 688. "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." Id. (quoting The Haytian Republic, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams, 497 F.3d at 689 (citing see The Haytian Republic, 154 U.S. at 124 ("There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the ... essential basis, of the relief sought must be the same." (internal quotation marks omitted)); Curtis, 226 F.3d at 140 (holding that the trial court did not abuse its discretion in dismissing "Curtis II claims arising out of the same events as those alleged in Curtis I," which claims "would have been heard if plaintiffs had timely raised them"); Serlin, 3 F.3d at 223 ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).

**Discussion**

Plaintiff has two civil rights cases pending before this Court. The first case was filed on June 10, 2016 as case 1:16-cv-0804-DLB-PC (Higgins v. Rodriguez, et al.) ("16-804") (Court Record.) The second case is the present case, 1:16-cv-00819-DAD-EPG-PC (Higgins v. Rodriguez, et al.,) ("16-819") filed on June 13, 2016. (ECF No. 1.) On June 27, 2016, Plaintiff filed a "Notice of Two Docket Numbers for One Civil Action," informing the Court that his case had been assigned two different case numbers. (ECF No. 8.) Plaintiff filed the same Notice in case 16-804. (Case 16-804, ECF No. 5.) Plaintiff also noted that case 16-819 contains an application to proceed *in forma pauperis*, filed by Plaintiff on June 13, 2016.

The Court has reviewed Plaintiff's two cases and finds that both cases are civil rights actions pursuant to 42 U.S.C. § 1983, and the parties, allegations, claims, and requested relief are identical. The original complaints from both actions appear to be identical copies of each other, except for variation in the exhibits attached to the complaints. The Court finds the variation in exhibits attached to the original complaints to be immaterial, in light of the fact that Plaintiff filed a First Amended Complaint in the present case on June 24, 2016, which was after both of the original complaints were filed on June 10 and June 13, 2016.[1] (ECF No. 7.) Based on these facts, the Court finds the present case to be duplicative of case 16-804. Because the present case was filed after case 16-804 was filed, the Court shall recommend that the present case be dismissed.

In addition, the Court finds that three of Plaintiff's documents from the present case should be moved to case 16-804 for consideration in case 16-804: (1) Plaintiff's application to proceed *in forma pauperis*, filed on June 13, 2016 (ECF No. 2); (2) Plaintiff's decline to proceed with Magistrate Judge jurisdiction, filed on June 24, 2016 (ECF No. 5); and (3) Plaintiff's First Amended Complaint filed on June 24, 2016 (ECF No. 7).

///

---

[1] An amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220.

### III. CONCLUSION AND RECOMMENDATION

The Court finds that the present case is duplicative of case 1:16-cv-0804-DLB-PC (<u>Higgins v. Rodriguez, et al.</u>)  Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED as duplicative of case 1:16-cv-0804-DLB-PC (<u>Higgins v. Rodriguez, et al.</u>);

2. Three of Plaintiff's documents from the present case be moved into case 1:16-cv-0804-DLB-PC for consideration in that case:  (1) Plaintiff's application to proceed *in forma pauperis*, filed on June 13, 2016 (ECF No. 2); (2) Plaintiff's decline to proceed with Magistrate Judge jurisdiction, filed on June 24, 2016 (ECF No. 5); and (3) Plaintiff's First Amended Complaint filed on June 24, 2016 (ECF No. 7); and

3. The Clerk be directed to administratively CLOSE this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 22, 2016**                    /s/ *Erica P. Grosjean*
                                                              UNITED STATES MAGISTRATE JUDGE